Helen O'Hara, Administratrix, *v.* Mary C. Conrad, Tutrix, et al.

W. W. made a donation to D. W., a legitimate son, of the disposable portion of his estate ; and the latter, by a contemporaneous act, made his notes, to the amount donated, payable to O., who stipulated to pay the principal and interest of said notes, when collected, to the illegitimate children of the donor. *Held:* That the act of donation and the making of the notes being parts of the same act, and D. W. and O. being persons interposed for the purpose of carrying into effect an illegal donation, the notes were null under Art. 1478 C. C.

APPEAL from the District Court of St. Mary.
*E. Simon,* for plaintiff and appellant. *J. G. Olivier* and *T. H. Lewis,* for defendants.

Buchanan, J. This action was instituted in June, 1847, upon a bond of defendants' ancestor, made in 1817, for the sum of four thousand dollars, payable in December, 1836, and bearing six per cent. interest from April, 1819. The suit is instituted for the principal and interest.

The defence to this claim is substantially, that the consideration of the bond was a donation to a person incapable by law of receiving a donation. The evidence shows that one *William Weeks,* by act before the parish Judge of Feliciana, on the 2d October, 1817, gave to his son *David Weeks,* a sum of sixteen thousand dollars as an advantage and extra portion in his inheritance, being the disposable portion or one fifth of his estate. On the same day and before the same notary, *David Weeks* executed his bond . in favor of *Hercules O'Connor* and others for a sum of sixteen thousand dollars for value received, payable in four installments of $4000, in the years 1829, 1831, 1833 and 1836, with interest at 6 per cent. per annum from the 1st April, 1819. And the obligees in the bond promised to pay the interest annually for the boarding, clothing and schooling of certain free persons of color, and the installments of the principal to those colored persons severally, at the respective dates of maturity. The bond is signed by *David Weeks* and by *Hercules O'Connor,* one of the obligees, alone. '

The evidence of witnesses examined for plaintiff, taken in connection with the other evidence and circumstances disclosed in the record, leaves no doubt in the mind, that *Wellington Curtis* and the three other persons of color mentioned in the bond of *David Weeks,* were illegitimate children of *William Weeks,* the father of *David;* and that the donation to *David* was really intended for the benefit of those illegitimate children, who were legally incapable of receiving a donation of that amount from their father. C. C. 1470. And the District Judge, considering the act of donation from *William Weeks* to *David,* and the bond of *David* to *O'Connor* for the benefit of the colored children of *William Weeks,* under the circumstances, to be portions of one continued act, declared the nullity of the latter under Article 1478 of the Civil Code. The counsel of plaintiff has argued with great ingenuity and force, that the donation from *William* to *David Weeks,* supposing it to have been made for the benefit of the illegitimate children of the donor, imposed, not the less, a natural obligation upon the donee, which could form the valid basis of a legal obligation on the part of *David Weeks* towards *O'Connor.* And he relies upon the Article 1751, clause 1st, Civil Code, which defines natural obligations to be such as the law has rendered invalid (in the French text—celles que la loi a

défendues ou déclarées nulles) for the want of certain forms or for some reason of general policy, but which are not in themselves immoral or unjust. Without deciding the very delicate and important question whether the prohibition of donations to illegitimate children by those who have legitimate children existing at the time, be not founded in principles of morality no less than of general policy, we agree with the District Judge, that the two contracts, thus simultaneously made, and among the same parties, (*Hercules O'Connor*, the obligee in the bond, being a witness to the donation,) are parts of one and the same illegal act; and that the bond can no more be enforced by an action at law, than could have been the donation for the benefit of the illegitimate children in question. *David Weeks* and *Hercules O'Connor* were alike persons interposed, and the only parties to either instrument, were *William Weeks* and the offspring of his illicit connexion with his slave. It would truly be an easy mode of evading the effect of the 1478th Article of the Code, if parties could accomplish their illegal aims by making a double interposition of fictitious parties, in the place of a single one. Such seems to have been the experiment of *William Weeks* in 1817. The Code in force at that time contained Articles identical with the Articles 1470 and 1478 of the present Code.

Old Code, p. 210, Art. 12, and p. 218, Art. 17.

Judgment affirmed, with costs.